Crew, J.
In the briefs of counsel in this case much consideration is given the question whether the claim and lien asserted by the defendant in error, A. S. Nisley, was, at the time he commenced his' action in the court of common pleas, barred by the statute of limitations. In the view we have taken of this case that question becomes wholly unimportant and need not therefore be considered or discussed in this opinion. The decision of this case is controlled, and the propriety of the judgments of the courts below determined, by the effect to be given the auditor’s tax deed of December 28,1900, by which the lands involved in the present controversy were *333 conveyed by tbe auditor of Putnam county to Birchard A. Hayes, who had theretofore, on April 9, 1900, purchased the same at forfeited land sale. If the effect of that deed was to cut off and extinguish all previous liens, and to invest the purchaser, from the time of its delivery, with the legal title to said lands discharged from all previous liens and incumbrances, then the plaintiff below, A. S. Nisley, was without right to recover in this action and his petition should have been dismissed by the trial court. If the forfeited land sale of April 9,1900, was a valid sale, — and no question is made in this case but that it was, — it would seem clear under the decision of this court in Jones v. Devore, 8 Ohio St., 430, that the deed subsequently executed to Birchard A. Hayes in pursuance of such sale, and the requirements of the statute, would operate, and have the effect, to divest all prior titles to, and to extinguish all previous liens upon, the lands so conveyed. In the above case Scott, J., says: “All the proceedings under the statute for the sale of lands for nonpayment of taxes, are in rem and not in personam. They operate, if at all, upon the land itself and not merely upon the person in whose name it may have been listed for taxation. * A valid tax title therefore extinguishes all previous titles legal or equitable, inchoate or perfect; and the purchaser takes the premises discharged from all previous liens and incumbrances whatever. * * It follows then, from the nature of a tax title and the terms of the statute, that a valid sale and conveyance of lands for the nonpayment of taxes, will bar even the favored right of dower. ’ ’ In Gwynne v. Niswanger, 20 Ohio, 564, this court said: “A tax title, from its very nature, has nothing to do with the previous *334 chain of title, does not in any way connect itself with it. It is a breaking np of all previous titles. The party holding such title, in proving it, goes no further than his tax deed; the former title can be of no service to him nor can it prejudice him. * * * In an ordinary case it matters not how many different interests may be connected with the title, what may be the particular interest of the party in whose name the property may be listed for taxation; it may be a mere equitable right, — if the land be regularly sold for taxes the property, accompanied with a legal title, goes to the purchaser, no matter how many estates legal or equitable may be connected with it. ’ ’ In Hefner v. North Western Mutual Life Insurance Company, 123 U. S., 309, the Supreme Court of the United States had before it for consideration the nature of the tax lien, and the effect of a tax deed. The third paragraph of the syllabus in that case is as follows: “If the tax deed is valid, it clothes the purchaser from the time of its delivery, not only with the title of the person assessed for the taxes, but with a new and complete title in the land under an independent grant from the sovereign authority, which bars or extinguishes all prior titles and incumbrances of private persons, and all equities arising out of them.” But counsel for defendant in error contend that even though the rule be as announced in the foregoing authorities, that it cannot aid the plaintiffs in error in this case for the reason that •when the plaintiff in error Frank Gr. Kahle purchased these lands from Birchard A. Hayes, he was already the owner of the legal title, and therefore the tax title acquired by him was swallowed up and ■merged in his legal title. There are two sufficient answers to this proposition: 1. Section 2899, *335 Revised Statutes, provides that “every tract of land and town lot offered for. sale by the treasurer as hereinbefore provided, and not sold for want of bidders, shall be and the same is hereby declared to be forfeited to the state; and thenceforth all the right, title, claim, and interest of the former owner or owners thereof, shall be considered as transferred to, and vested in, the state. ’ ’ Hence by the sale and conveyance of these lands to Birchard A. Hayes, the legal title thereto of Frank G-. Kahle was completely divested and extinguished, and the property passed to said Birchard A. Hayes, as purchaser from, and grantee of, the state of Ohio, as from an original source of title. 2. This being so, the tax title is the better and superior title, and it would not therefore be merged in the legal title. “A superior right is never merged in an inferior one; the whole doctrine of merger proceeds upon the principle of a superior right covering and swallowing up an inferior right, and that keeping those rights separate when they unite in the same person, to the same thing, would be useless. The doctrine of merger never applies when it would work an injury to the owner, or where his interest requires that the rights should have a separate existence.” Myers v. Hewitt, 16 Ohio, 449, 453; Bell v. Tenny, 29 Ohio St., 240, 243; Case v. Hall, Admr., 52 Ohio St., 24, 36. It would seem then, from the very nature of the tax title, and the provisions of the statute, that a valid tax sale, and the maturing of the title in the purchaser, — by a failure to redeem the premises sold within the time allowed by statute, — (section 2907, Revised Statutes), creates in the purchaser a new and original title, and extinguishes all previous titles either legal or equitable. And the auditor’s *336 deed executed and delivered in pursuance of such sale, transfers to the purchaser the lands sold, discharged from any previous ownership, or claim of title. In the present case, as appears from the statement of facts, the lands in question being delinquent for the nonpayment of taxes and penalty for the year 1894, and the taxes for the year 1895, were on the third Tuesday of January, 1896, forfeited to the state of Ohio. Thereafter, on April 13, 1896, they were sold to L. E. Blackburn at forfeited land sale, and from him passed by mesne conveyances to the defendant in error A. S. Nisley, and whatever interest or lien the latter has in, or on, said premises was acquired by and through said forfeited land sale of April 13, 1896. After such sale it was incumbent upon the purchaser thereat, L. E. Blackburn, and his successors in interest, to see to it, that the taxes subsequently levied and assessed against said lands were paid. This they did not do, but suffered the taxes for the years 1897 and 1898 to become delinquent, and permitted said lands to be again forfeited to the state of Ohio, and to be again sold, for nonpayment of the taxes and penalty due.thereon for said years. Having permitted such forfeiture and sale, and said second sale having been in all respects regular and valid, any interest or lien, under section 2910, Revised Statutes, that they or either of them may have had in or on said premises, by virtue of said first tax sale, was by such second sale extinguished and divested, and was and is therefore unavailing, either as against the title acquired by the purchaser of said lands at the latter sale, or the title of those claiming through or under him. It follows, that the lien asserted by the defendant in error against these lands is not a valid incumbrance *337 thereon, and that the courts below erred in holding it to be a valid and subsisting lien, and in decreeing its foreclosure as such. The judgments of the circuit court and the court of common pleas will therefore he reversed and judgment entered for plaintiffs in error upon the undisputed facts.

Judgment reversed and judgment for plaintiffs in error.

Shauck, C. J., Price, Summers, Spear and Davis, JJ concur.